UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MATTHEW A. B.,

    Plaintiff,

v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

    Defendant.

CASE NO. 3:18-CV-05531-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 5.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when she failed to provide specific, legitimate reasons, supported by substantial evidence, to reject medical opinion evidence from Dr. Jennifer Koch, Psy.D., and Dr. Terilee Wingate,

Ph.D. Had the ALJ properly considered these medical opinions, the residual functional capacity ("RFC") may have included additional limitations. The ALJ's error is therefore not harmless, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Deputy Commissioner of Social Security for Operations ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On October 19, 2010, Plaintiff filed applications for SSI and DIB, alleging disability as of June 26, 2009. *See* Dkt. 8, Administrative Record ("AR") 16. The claims were denied upon initial administrative review and on reconsideration. *See* AR 161. After holding a hearing, ALJ Mattie Harvine-Wood issued a decision on October 25, 2012, finding Plaintiff to be not disabled. AR 158-78. Plaintiff did not appeal ALJ Harvine-Wood's decision; thus, it is administratively final. *See* AR 16.

On October 9, 2014, Plaintiff filed the present applications for SSI and DIB. *See* AR 16. Plaintiff alleges disability beginning October 26, 2012. AR 16. The claims were denied upon initial administrative review and on reconsideration. *See* AR 16. ALJ Marilyn S. Mauer held hearings on September 14, 2016 and November 28, 2016, at which she granted continuances to allow Plaintiff to obtain representation and submit additional medical evidence into the record. *See* AR 16, 111-21, 122-26. On April 5, 2017, the ALJ held another hearing. AR 127-57. In a decision dated May 23, 2017, the ALJ determined Plaintiff to be not disabled. AR 13-42. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the ALJ's

decision the final decision of the Commissioner. *See* AR 1-6; 20 C.F.R. §§ 404.981, 416.1481. Plaintiff now seeks review of ALJ Mauer's decision.[1]

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by failing to properly: (1) consider medical opinion evidence from examining physicians Drs. Koch and Wingate, as well as opinion evidence from Dr. Brett C. Trowbridge, Ph.D., Dr. Tasmyn Bowes, Psy.D., Dr. Shawn Kenderdine, Ph.D, and non-examining physicians Dr. Leslie Postovoit, Ph.D., and Dr. Gary L. Nelson, Ph.D.; (2) evaluate Plaintiff's subjective symptom testimony and two lay witness opinions; (3) apply the doctrine of *res judicata* pursuant to Acquiescence Ruling ("AR") 97-4(9) and *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988); and (4) determine the RFC and Step Five findings. *See* Dkt. 12.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**I.      Whether the ALJ properly considered the medical opinion evidence.**

Plaintiff objects to the ALJ's assessment of medical opinion evidence from examining physicians Drs. Koch, Wingate, Trowbridge, Bowes, and Kenderdine, and non-examining physicians Drs. Postovoit and Nelson. Dkt. 12, pp. 5-9, 13.

---

[1] When stating "the ALJ" or "the ALJ's decision" throughout this Order, the Court is referencing ALJ Mauer and her May 23, 2017 decision. When stating "the first ALJ" or "the first ALJ's decision," the Court is referencing ALJ Harvine-Wood and her October 25, 2012 decision.

An ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

A. <u>Dr. Koch</u>

Plaintiff argues the ALJ failed to provide any specific, legitimate reason to reject Dr. Koch's medical opinion. Dkt. 12, pp. 7-9.

On September 19, 2013, Dr. Koch conducted a psychological/psychiatric evaluation of Plaintiff. AR 588-601. Dr. Koch's evaluation included a record review, clinical interview, mental status examination, Beck Anxiety Inventory, and Beck Depression Inventory-II. *See* AR 588-601. In her clinical findings, Dr. Koch found Plaintiff has depression, anxiety, and post-traumatic stress disorder. AR 590. Dr. Koch wrote that she based these findings on her observations of Plaintiff's flat affect, nervousness, and poor eye contact, as well as Plaintiff's reports, including reports of low self-esteem, low motivation, hypersomnia, worrying, and avoidance. AR 590.

Dr. Koch opined Plaintiff has moderate limitations in the ability to: communicate and perform effectively in a work setting; maintain appropriate behavior in a work setting; and set realistic goals and plan independently. AR 591. Dr. Koch also found Plaintiff markedly limited

in his ability to complete a normal workday and workweek without interruptions from psychologically based symptoms, indicating "a very significant limitation" in this area. AR 591.

The ALJ assigned "limited weight" to Dr. Koch's opinion for three reason: (1) Dr. Koch is not a treating source; (2) the evaluation was "conducted in aid of [Plaintiff's] application for state benefits such that it is . . . unclear whether the claimant's presentation at the time . . . was truly representative of his day-to-day functioning"; and (3) Dr. Koch appeared to "overstate[] the functional effects of [Plaintiff's] symptoms" given the results of Dr. Koch's evaluation. AR 30.

First, the ALJ gave limited weight to Dr. Koch's opinion because Dr. Koch is not a treating source. AR 30. An examining physician, by definition, does not have a treating relationship with a claimant and usually only examines the claimant one time. *See* 20 C.F.R. §§ 404.1527(c)(1), 416.927(c)(1). In general, an ALJ may give more weight to a treating physician than a non-treating physician. *Andrews*, 53 F.3d at 1040-41; *see also* 20 C.F.R. §§ 404.1527(c)(1), 416.927(c)(1). "When considering an examining physician's opinion . . . it is the quality, not the quantity of the examination that is important. Discrediting an opinion because the examining doctor only saw claimant one time would effectively discredit most, if not all, examining doctor opinions." *Yeakey v. Colvin*, 2014 WL 3767410, at *6 (W.D. Wash. July 31, 2014). Thus, the ALJ's decision to discount Dr. Koch's opinion simply because she is not a treating source is not a specific and legitimate reason to discount this opinion. *See Lester*, 81 F.3d at 830 (an ALJ must give specific and legitimate reasons, supported by substantial evidence, to reject an examining physician's opinion).

Second, the ALJ discounted Dr. Koch's opinion because Dr. Koch conducted the evaluation in aid of Plaintiff's application for state benefits such that it was "unclear" whether the evaluation truly represented Plaintiff's "day-to-day functioning." AR 30. An ALJ cannot

reject a medical opinion based on the purpose for which it was obtained. *See Lester*, 81 F.3d at 832 ("[t]he purpose for which medical reports are obtained does not provide a legitimate basis for rejecting them"); *see also Reddick*, 157 F.3d at 726-727 (rejecting an ALJ's assertion that a physician was biased in favor of a claimant where "nothing in the record" showed the physician lacked objectivity). Therefore, to the extent the ALJ rejected Dr. Koch's opinion because she evaluated Plaintiff in aid of his application for state benefits, this is not a specific and legitimate reason to reject this opinion as there no evidence in the record that Dr. Koch lacked objectivity.

Further, an ALJ cannot use a conclusory statement to reject a doctor's findings; rather, the ALJ must state her interpretations of the evidence and explain why they, rather than the doctors' interpretations, are correct. *See Embrey*, 849 F.2d at 421-22. Here, the ALJ's second reason for discounting Dr. Koch's opinion is conclusory because she failed to explain why it is unclear whether Dr. Koch's evaluation represented Plaintiff's daily functioning. Moreover, Dr. Koch did not state that she believed the evaluation did not represent Plaintiff's functioning. Instead, Dr. Koch performed a record review and psychological testing, including a clinical interview and mental status examination. *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (clinical interviews and mental status examinations "are objective measures"). Considering the ALJ's lack of explanation and Dr. Koch's objective testing, the Court finds this reason not sufficiently specific nor supported by substantial evidence in the record.

Third, the ALJ gave Dr. Koch's opinion limited weight because she found the opined limitations inconsistent with the results of Dr. Koch's examination. Specifically, the ALJ noted:

> Dr. Koch's evaluation . . . showed that the claimant had average speech and cooperative attitude and behavior, as well as thought process and content, orientation, memory, fund of knowledge, concentration, and insight and judgment all within normal limits. She also noted that the claimant reported that he was spending time with roommates, who he described as supportive; reading; and helping with landscaping projects.

AR 30 (citations omitted).

An ALJ may reject an opinion that is "inadequately supported by clinical findings." *Bayliss*, 427 F.3d at 1216 (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001)). Here, in stating Dr. Koch appeared to overstate "the functional effects" of Plaintiff's symptoms given the results of Dr. Koch's examination, the ALJ suggested she found Dr. Koch's opinion inadequately supported by her evaluation. *See* AR 30. But as previously stated, an ALJ cannot reject a physician's opinion in a vague or conclusory manner. *See Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)); *Embrey*, 849 F.2d at 421-22. In this case, the ALJ failed to explain how any of the factors she listed undermine Dr. Koch's opinion. For instance, the ALJ did not explain how the mental status examinations findings she described, or Plaintiff's reports of spending time with roommates, undermine Dr. Koch's opinion that Plaintiff is markedly limited in his ability to complete a normal workday and workweek without interruptions from psychologically based symptoms. The ALJ "merely states" these facts "point toward an adverse conclusion" yet "makes no effort to relate any of these" facts to "the specific medical opinions and findings he rejects." *Id.* at 421. "This approach is inadequate." *Id.*; *see also Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) (citations omitted) ("We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the [Social Security Administration's ("SSA's")] ultimate findings.").

Additionally, the ALJ's description of Dr. Koch's evaluation overlooks abnormal findings which may support her opined limitations. For example, the clinical interview Dr. Koch performed indicated childhood abuse. *See* AR 589. Dr. Koch's mental status examination revealed poor eye contact, apathetic and depressed mood, and flat affect. AR 592. Dr. Koch

found Plaintiff not within normal limits in his perception – due to "[p]aranoia in social situations" – and abstract thought. AR 592-93. As the ALJ failed to provide her interpretation of the evidence and overlooked supporting findings, this is not a specific, legitimate reason to give Dr. Koch's opinion limited weight. *See Burrell v. Colvin*, 775 F.3d 1130, 1140 (9th Cir. 2014) (ALJ erred in finding a source's opinion was supported by "little explanation," as the ALJ overlooked relevant notes).

The ALJ failed to provide a specific, legitimate reason, supported by substantial evidence in the record, to discount Dr. Koch's opinion. Accordingly, the ALJ erred.

Harmless error principles apply in the Social Security context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115. The Ninth Circuit has held "'a reviewing court cannot consider an error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (quoting *Stout*, 454 F.3d at 1055-56). The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

In this case, had the ALJ properly considered Dr. Koch's opinion, the RFC and hypothetical questions posed to the vocational expert ("VE") may have contained greater limitations. For example, the hypothetical questions posed to the VE and RFC may have reflected Dr. Koch's opinion that Plaintiff is markedly limited in his ability to complete a normal

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 8

workday and workweek without interruptions from psychologically based symptoms. The hypothetical questions and RFC did not contain this limitation. *See* AR 22, 147-55. Because the ultimate disability determination may have changed with proper consideration of Dr. Koch's opinion, the ALJ's error is not harmless and requires reversal. The ALJ shall reconsider Dr. Koch's opinion on remand.

B. <u>Dr. Wingate</u>

Plaintiff contends the ALJ failed to properly consider Dr. Wingate's opinion. Dkt. 12, pp. 7-9.

Dr. Wingate performed a psychological/psychiatric evaluation of Plaintiff on August 12, 2014. AR 603-11. Dr. Wingate reviewed records and conducted psychological testing, including a clinical interview and mental status examination. *See* AR 603-11. Dr. Wingate determined Plaintiff has depression/mania, anxiety, difficulty with attention/concentration, and a personality disorder. AR 604. Dr. Wingate found Plaintiff moderately impaired in his ability to communicate and perform effectively in a work setting, maintain appropriately behavior in a work setting, and understand, remember, and persist in tasks by following detailed instructions. AR 605-06. Moreover, Dr. Wingate opined Plaintiff has marked limitations in two basic work activities: the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; and the ability to complete a normal workday or workweek without interruptions from psychologically based symptoms. AR 605-06.

The ALJ assigned "limited weight" to Dr. Wingate's opinion for four reasons: (1) Dr. Wingate is not a treating source; (2) the evaluation was "conducted in aid of [Plaintiff's] application for state benefits such that it is . . . unclear whether the claimant's presentation at the time . . . was truly representative of his day-to-day functioning"; (3) Dr. Wingate appeared to

"overstate[] the functional effects of [Plaintiff's] symptoms" given the results of her evaluation; and (4) because Dr. Wingate indicated "there was a connection" between Plaintiff's reported symptoms and ongoing cannabis use. AR 30.

The ALJ's first two reasons for giving limited weight to Dr. Wingate's opinion are two of the same legally insufficient reasons the ALJ gave for discounting Dr. Koch's opinion. *See* AR 30. Yet as previously explained, such reasons are invalid, as an ALJ cannot reject an examining source's opinion simply because she is not a treating physician, nor can an ALJ reject an opinion based on the purpose for which the opinion was obtained. *See Yeakey*, 2014 WL 3767410, at *6; *see also Lester*, 81 F.3d at 832. In addition, the ALJ failed to explain why it was unclear whether Dr. Wingate's opinion represented Plaintiff's daily functioning, particularly given that Dr. Wingate conducted a record review and objective psychological tests to measure Plaintiff's functioning. *See* AR 30; *see also Buck*, 869 F.3d at 1049. As such, the ALJ's first two reasons for discounting Dr. Wingate's opinion are error.

Third, the ALJ gave Dr. Wingate's opinion limited weight because she found the opined limitations inconsistent with the results of Dr. Wingate's examination. AR 30. The ALJ wrote:

> Dr. Wingate's opinion showed thought process and content, orientation, perception, fund of knowledge, concentration, and abstract thought all within normal limits despite the fact that the claimant had some limitations in terms of remembering words after five minutes and having insight and judgment outside of normal limits. Nevertheless, even with these limitations, Dr. Wingate also noted that the claimant reported at that time that he was able to take public transportation; handle his finances; and spend time on the computer, during which he connected with online friends.

AR 30 (citations omitted).

While an ALJ may reject an opinion that is inadequately supported by clinical findings, *see Bayliss*, 427 F.3d at 1216, the ALJ here again provided conclusory reasoning. The ALJ described several findings from Dr. Wingate's evaluation. *See* AR 30. However, the ALJ failed

to explain how any of the cited findings are inconsistent with findings from Dr. Wingate's opinion. The ALJ did not, for example, explain how Plaintiff having normal thought process and content, perception, fund of knowledge, concentration, and abstract thought undermine Dr. Wingate's opined limitations. In other words, the ALJ failed to provide his interpretation of the evidence and explain why Dr. Wingate's opinions regarding Plaintiff's limitations should be rejected. Therefore, given the ALJ's lack of explanation, the Court is unable to ascertain why the ALJ found these findings inconsistent with Dr. Wingate's opinion. *See McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (an ALJ's rejection of a physician's opinion on the ground that it was contrary to the record was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed").

Fourth, the ALJ discounted Dr. Wingate's opinion in light of Plaintiff's reported marijuana use. AR 30. The ALJ reasoned:

> Dr. Wingate indicated that there was a connection between [Plaintiff's] reported symptoms of not having any motivation to do household chores or follow through with mental healthcare and his reported ongoing cannabis use, which indicates that any limitations she opined were not intractable and instead based in large part on [Plaintiff's] choices to continue using marijuana.

AR 30 (citing AR 604, 606).

Thus, the ALJ discounted Dr. Wingate's opinion because Dr. Wingate indicated "there was a connection" between Plaintiff's reported symptoms and ongoing cannabis use. AR 30. But the ALJ's finding lacks support from the record. Dr. Wingate noted Plaintiff reported "us[ing] cannabis daily[.]" AR 604. Separately, Dr. Wingate wrote Plaintiff "said that he will 'try' to do chores, but he doesn't have any motivation." AR 604. Dr. Wingate also wrote in her clinical findings that Plaintiff "has little motivation to follow through with mental health care or to address his problems. He seems to sabotage all efforts to help him." AR 604. Contrary to the

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 11

ALJ's finding, however, Dr. Wingate did not write Plaintiff lacks motivation because of his ongoing cannabis use. *See* AR 30, 604. Rather, Dr. Wingate found Plaintiff's impairments were *not* "primarily the result of alcohol or drug use within the past 60 days." AR 606. Although Dr. Wingate wrote Plaintiff "needs to stop using cannabis to fully assess the effect of his prescribed medications," Dr. Wingate opined Plaintiff's "current impairments [would] persist following 60 days of sobriety." AR 606.

In sum, although Dr. Wingate wrote Plaintiff lacks motivation for household chores and mental healthcare, Dr. Wingate did not connect these findings to Plaintiff's marijuana use. *See* AR 604. Dr. Wingate also expressly found Plaintiff's impairments not primarily the result of drug use, and that Plaintiff's impairments would persist following 60 days of sobriety. AR 606. As the ALJ's statement about Plaintiff's marijuana use directly contradicts Dr. Wingate's report, the ALJ's final reason for rejecting this opinion is unsupported by substantial evidence. *See Reddick*, 157 F.3d at 722-23 ("In essence, the ALJ developed [her] evidentiary basis by not fully accounting for the context of materials or all parts of the . . . reports. [Her] paraphrasing of record material is not entirely accurate regarding the content or tone of the record.").

The ALJ failed to provide any specific, legitimate reason, supported by substantial evidence, to reject opinion evidence from Dr. Wingate. The RFC and hypothetical questions posed to the VE may have contained greater limitations with proper consideration of Dr. Wingate's opinion. Hence, the ALJ's errors were not harmless.

On remand, the ALJ is directed to re-evaluate Dr. Wingate's opinion. If the ALJ intends to discount the weight assigned to this opinion, she shall provide reasons supported by substantial evidence in the record for doing so.

1         C. <u>Drs. Trowbridge, Bowes and Kenderdine</u>

Plaintiff maintains the ALJ failed to properly assess medical opinion evidence from examining physicians Drs. Trowbridge, Bowes, and Kenderdine. Dkt. 12, pp. 5-9.

The ALJ considered the assessments completed by Drs. Trowbridge, Bowes, and Kenderdine. *See* AR 28-29, 30, 31. The ALJ gave "limited weight" to the opinion of Dr. Trowbridge, finding the evaluation "overstated the functional effects of [Plaintiff's] symptoms" in light of his mental status examinations, which showed all "normal" results. AR 29. Considering the normal results of Dr. Trowbridge's mental status examination and trail making exercises, the Court finds this reason is a specific and legitimate reason, supported by substantial evidence, to reject Dr. Trowbridge's opinion. *See* AR 470-72; *see also Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) (citation omitted) ("If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld).

The ALJ likewise gave "limited weight" to Dr. Bowes' opinion given the normal results of her mental status examination and trail making tests. AR 30. The Court finds this reason, too, specific and legitimate and supported by substantial evidence. As the ALJ noted, Dr. Bowes' mental status examination showed Plaintiff within normal limits and Plaintiff performed "perfectly normal" on trail making tests, notwithstanding the moderate and marked limitations Dr. Bowes opined. *See* AR 30, 575, 578-79. Accordingly, the ALJ's reasoning is supported by the record. Additionally, while the ALJ provided other reasons to discount the opinions from Drs. Kenderdine and Bowes, the Court declines to consider whether these remaining reasons contained error, as any error would be harmless. *See Presley-Carrillo v. Berryhill*, 692 Fed. Appx. 941, 944-45 (9th Cir. 2017) (citing *Carmickle*, 533 F.3d at 1162) (finding that although an

ALJ erred regarding one reason he gave to discount a medical opinion, "this error was harmless because the reason gave a reason supported by the record" to discount the opinion).

Lastly, Plaintiff objects to the ALJ's decision to give "great weight" to Dr. Kenderdine's opinion. Dkt. 12, p. 9. Plaintiff suggests the reasons the ALJ gave for rejecting other opinion evidence apply to Dr. Kenderdine, as well. *Id.* Plaintiff further argues the ALJ failed to include in the RFC all of the opined limitations described by Dr. Kenderdine. *Id.* Nonetheless, Plaintiff fails to provide any argument regarding how the ALJ's assessment of Dr. Kenderdine's opinion specifically contains error. *See id.* Plaintiff also fails to state which limitations Dr. Kenderdine opined that are not contained in the RFC. *See id.* Hence, Plaintiff has failed to demonstrate harmful error in the ALJ's assessment of Dr. Kenderdine's opinion. *Ludwig*, 681 F.3d at 1054 ("The burden is on the party claiming error to demonstrate not only the error, but also that it affected his substantial rights.'"); *see also Carmickle*, 533 F.3d at 1161 n.2 (the court will not consider an issue that a plaintiff fails to argue "with any specificity in his briefing").

But in any event, the Court found the ALJ erred in her consideration of the medical opinion evidence from Drs. Koch and Wingate. As such, the ALJ shall re-evaluate all of the medical opinion evidence on remand, as necessitated by her new evaluation of Drs. Koch and Wingate.

D. <u>Drs. Postovoit and Nelson</u>

Plaintiff asserts the ALJ erred with respect to the opinion evidence from non-examining physicians, Drs. Postovoit and Nelson. Dkt. 12, p. 13. The "opinion of a non-examining medical expert . . . may constitute substantial evidence when it is consistent with other independent evidence in the record." *Tonapetyan*, 242 F.3d at 1149 (citing *Magallanes*, 881 F.2d at 752). Because the Court has instructed the ALJ to re-evaluate all of the medical opinion evidence of

remand, she shall reassess the opinions of these non-examining physicians as necessary on remand, as well.

**II.     Whether the ALJ properly evaluated Plaintiff's subjective symptom testimony and the lay witness testimony.**

Plaintiff alleges the ALJ failed to properly consider Plaintiff's testimony and lay witness testimony from Sue Newkirk and Amanda Werner. Dkt. 12, pp. 13-18. The Court has directed the ALJ to reassess all the medical opinion evidence on remand, as necessitated by her new evaluation of Drs. Koch and Wingate. Because Plaintiff will be able to present new evidence and testimony on remand, and because the ALJ's reconsideration of the medical evidence may impact her assessment of Plaintiff's subjective testimony and the lay witness opinions, the ALJ shall reconsider Plaintiff's subjective symptom testimony and the testimony from Ms. Newkirk and Ms. Werner on remand.

**III.    Whether the ALJ properly applied *res judicata* to the first ALJ's decision.**

Plaintiff argues the ALJ erred by applying *res judicata* to the first ALJ's decision. Dkt. 12, pp. 3-4.

A final decision by an ALJ that a claimant is not disabled gives rise to a presumption of continuing non-disability. *Chavez*, 844 F.2d at 693; *see also* AR 97-4(9) (explaining how the SSA will apply *Chavez* in the Ninth Circuit). To rebut this presumption, a claimant must prove "changed circumstances," such as an increase in the severity of the claimant's impairments, a change in the claimant's age category, or the existence of an impairment not previously considered. *Lester*, 81 F.3d at 827 (citing *Chavez*, 844 F.2d at 693; *Gregory v. Bowen*, 844 F.2d 664, 666 (9th Cir. 1988)).

In this case, the Court has directed the ALJ to reconsider the medical opinion evidence on remand, as necessary in light of her reconsideration of Drs. Koch's and Wingate's opinions. The

1  Court has also directed the ALJ to reassess Plaintiff's testimony and lay witness testimony on
2  remand.
3       As the ALJ's re-evaluation of this evidence may change the ALJ's finding that Plaintiff
4  has not rebutted the presumption of continuing non-disability, the Court declines to consider
5  whether the ALJ erred in applying *res judicata* to the first ALJ's finding of non-disability.
6  Rather, the Court directs the ALJ on remand, in light of her reconsideration of the evidence, to
7  re-evaluate whether Plaintiff has shown changed circumstances such that *res judicata* should not
8  apply to Plaintiff's claims of disability.

**IV.  Whether the RFC and Step Five findings are supported by substantial evidence.**

Lastly, Plaintiff maintains the RFC and Step Five findings lack support from substantial evidence. Dkt. 12, pp. 18-19.

The Court has found the ALJ committed harmful error and has directed the ALJ to reassess the medical opinion evidence, Plaintiff's subjective symptom testimony, and lay witness testimony on remand. *See* Sections I.-II., *supra*. Hence, the ALJ shall reassess the RFC on remand. *See* Social Security Ruling 96-8p, 1996 WL 374184 (1996) (an RFC "must always consider and address medical source opinions"); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a claimant's limitations is defective"). As the ALJ must reassess Plaintiff's RFC on remand, the ALJ is directed to re-evaluate Step Five to determine whether there are jobs existing in significant numbers in the national economy Plaintiff can perform given the RFC. *See Watson v. Astrue*, 2010 WL 4269545, at *5 (C.D. Cal. Oct. 22, 2010) (finding the RFC and hypothetical questions posed to the VE defective when the ALJ did not properly consider two physicians' findings).

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein. The Clerk is directed to enter judgment for Plaintiff and close the case.

Dated this 15th day of April, 2019.

David W. Christel
United States Magistrate Judge